IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERISTAR CASINOS, INC. and AMERISTAR CASINO COUNCIL BLUFFS, INC. </br></br>Plaintiffs,</br></br>v.</br></br>MICHAEL J. KOLAR, individually and doing business as THE MR. REFUND COMPANY,</br></br>Defendants. | FILED: AUGUST 8, 2008</br>08CV4502</br>JUDGE ANDERSEN</br>MAGISTRATE JUDGE MASON</br>No.</br>YM</br>Judge:</br></br>Magistrate Judge</br></br>Jury Trial Demanded |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### SUMMARY OF THE ACTION

Plaintiffs, AMERISTAR CASINOS, INC. and AMERISTAR CASINO COUNCIL BLUFFS, INC. (collectively, "Plaintiffs" or "Ameristar"), for their Complaint against MICHAEL J. KOLAR, individually and doing business as THE MR. REFUND COMPANY ("Defendant" or "Kolar"), seek relief as a result of Defendant's violation of the Lanham Act, 15 U.S.C. § 1125(a), trade disparagement under 815 ILCS 510/2(a)(8) and the common law of the State of Illinois, deceptive trade practices under 815 ILCS 510/2(a)(2), (5) and (12), defamation under the common law of the State of Illinois, and tortious interference with a prospective economic advantage under the common law of the State of Illinois.

This action became necessary as the result of misrepresentations and disparaging remarks that have been made by Kolar to potential customers of Ameristar who have unintentionally dialed Kolar's telephone number. In its advertising, Ameristar invites potential customers to use a toll free telephone number, 1-866-MOREFUN which translates to 1-866-667-3386 ("Ameristar's Phone

Number"). On information and belief, Kolar's business uses multiple telephone numbers, one of which, 1-866-MRREFUND, translates to 1-866-677-3386 ("Kolar's Phone Number"). Because of the similarity, Ameristar's customers sometimes misdial Ameristar's Phone Number and reach Kolar's Phone Number by mistake. Kolar has answered these calls and impersonated Ameristar's customer service agents, sometimes referring to himself as "Mr. Ameristar." Kolar has solicited and accepted false reservations for Ameristar's accommodations, asked customers for personal and credit card information, made disparaging remarks regarding Ameristar and otherwise acted in a rude and offensive manner to Ameristar's customers while pretending to be an Ameristar representative. This conduct has been malicious and intentional and designed to injure Ameristar. It has apparently been prompted by Ameristar's refusal to accede to Kolar's demand that he be paid or "incentivized" to respond properly to such misdialed calls.

## JURISDICTION AND VENUE

1. This Court has subject matter pursuant to 28 U.S.C. § 1331, since this action arises, in part, under the Lanham Act, 15 U.S.C. §1125. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Kolar because he resides within this judicial district and has committed statutory torts within this judicial district.

3. Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because Kolar is a resident of this judicial district, regularly conducts business in this judicial district, and specifically has committed statutory torts in the State of Illinois and this judicial district.

## PARTIES

4. Plaintiff, Ameristar Casinos, Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Ameristar Casinos, Inc. is in the business of operating casinos, hotels and related entertainment facilities.

5. Plaintiff, Ameristar Casino Council Bluffs, Inc. is an Iowa corporation with its principal place of business in Council Bluffs, Iowa. Ameristar Casino Council Bluffs, Inc. is a wholly-owned subsidiary of Ameristar Casinos, Inc. and is in the business of operating a casino, hotel, and related entertainment facility in Council Bluffs, Iowa.

6. Defendant, Michael Kolar, individually and doing business as The Mr. Refund Company, a dissolved Illinois corporation, is in the business of providing tax and accounting services. Kolar is a resident of the County of Cook, State of Illinois.

## FACTS COMMON TO ALL COUNTS

### *Ameristar and Its Trademarks*

7. Ameristar is an innovative, Las Vegas-based gaming and hospitality company known for its distinctive, quality-conscious casinos and hotels. Ameristar operates seven casino and entertainment facilities: Ameristar Casino East Chicago (located in East Chicago, Indiana), Ameristar Casino Council Bluffs (located in Council Bluffs, Iowa), Ameristar Casino Kansas City (located in Kansas City, Missouri), Ameristar Casino St. Charles (located in St. Charles, Missouri), Ameristar Casino Vicksburg (located in Vicksburg, Mississippi), Cactus Pete's Resort Casino (located in Jackpot, Nevada), and Ameristar Casino Black Hawk (located in Black Hawk, Colorado).

8. Ameristar has registered numerous trademarks with the United States Trademark Office for trademarks associated with its casino, hotel and entertainment services, including but not limited to, the marks listed in the following table (collectively referred to as the "Ameristar Marks"):

| Mark | Registration # | Date of Registration | For Goods and Services |
|---|---|---|---|
| AMERISTAR CASINO | 1,971,539 | 4/30/1996 | Casino and gambling services; and entertainment services, namely providing and presenting stage show, band, vocal, instrumental, music, dance and comic performances, restaurant services, bar services, night club services and retail gift shop services |
| AMERISTAR CASINO | 2,132,916 | 1/27/1998 | Resort hotels, hotels, making reservations and booking for temporary lodging |
| AMERISTAR CASINO * HOTEL | 2,282,601 | 10/5/1999 | Casino and gambling services; and entertainment services, namely providing and presenting stage show, band, vocal, instrumental, music, dance and comic performances, restaurant services, bar services, night club services, resort hotel services, hotel services and lodging services |
| AMERISTAR | 2,697,230 | 3/18/2003 | Casino and gambling services; and entertainment services, namely providing and presenting stage show, band, vocal, instrumental, music, dance and comic performances, resort hotel services, hotel services, lodging services, hotel concierge services, restaurant services, snack bar services, bar services, night club services and providing banquet and social function facilities for special occasions |
| MORE CASINO. MORE FUN. | 2,520,214 | 2/18/2001 | Casino services, gambling services, entertainment service, namely providing and presenting stage sow, band, vocal, instrumental, music, dance and comic performances, resort hotel services, hotel services, lodging services, hotel concierge services, restaurant services, snack bar services, bar services, night club services and providing banquet and social functions. |
| MORE CASINO MORE FUN | 2,722,259 | 6/3/2003 | Retail gift shop services |

9. Because Ameristar has invested substantial time and money promoting the Ameristar Marks, the Ameristar Marks have become a symbol of quality casino, hotel and entertainment services.

10. Ameristar markets its casinos through a variety of methods, including, but not limited to, television advertisements, radio advertisements, newspaper advertisements, internet, billboards

-4-

and direct mailers. Ameristar spends tens of millions of dollars each year advertising its casinos. Ameristar mails over five million direct mail pieces per year.

11. As a result of the public's widespread and favorable acceptance and recognition of Ameristar's casino, hotel and entertainment services, the Ameristar Marks have become valuable assets of Ameristar.

*Ameristar's Phone Number and Kolar's Phone Number*

12. Ameristar uses Ameristar's Phone Number as its main telephone number for reservations. By dialing Ameristar's Phone Number, Ameristar's customers can reach any of Ameristar's facilities. Ameristar obtained Ameristar's Phone Number because it spells out a mnemonic that incorporates a portion of Ameristar's registered "MORE CASINO. MORE FUN." trademark. The mnemonic allows Ameristar's customers to easily remember Ameristar's Phone Number when trying to reach Ameristar's hotel reservation system.

13. Upon dialing Ameristar's Phone Number, Ameristar's customers are connected to an automated recording asking them to input a number on the keypad to select the casino or hotel location of their choice. After selecting the location of their choice, customers are connected to a live representative at the selected location who provides them with information about the offerings at that facility or assists them with making hotel reservations. A customer who dials Ameristar's Phone Number is not charged for the telephone call. Instead, Ameristar pays for the telephone call.

14. Kolar operates a tax return preparation business known as "Mr. Refund," and uses Kolar's Phone Number, among others, in connection with that business.

15. Ameristar's Phone Number (1-866-667-3386) differs from Kolar's Phone Number (1-866-677-3386) by one number.

### *Facts Giving Rise to the Causes of Action*

16.   On a monthly basis, Ameristar conducts marketing campaigns involving the mailing of discount and free offers to potential customers. The marketing materials contain Ameristar's Phone Number and invite customers to call the number to redeem the promotional offer. Typically, after an advertisement mailing, Ameristar receives a significant number of customers calling Ameristar's Phone Number.

17.   From time to time, Ameristar's customers misdial Ameristar's Phone Number and reach Kolar's Phone Number by mistake. Kolar initially demanded that he be paid or "incentivized" in order to deal properly with Ameristar's customers who reached him in error. When Ameristar declined, Kolar began the wrongful acts which have given rise to this lawsuit.

18.   Kolar has answered the misdialed calls and used the Ameristar Marks in such a manner as to lead Ameristar's customers and potential customers into believing Kolar is an agent of Ameristar and is authorized to provide services on behalf of Ameristar.

19.   When answering the misdialed calls, Kolar has made the following false representations to Ameristar customers and potential customers:

   a. That Kolar is an Ameristar representative and that he can take the customer's hotel reservation;

   b. That Kolar is "Mr. Ameristar";

   c. That Ameristar does not honor any of the offers extended through promotional materials such as free rooms or discounted room rates;

   d. That Ameristar's coupons are "no good" and Ameristar only sends out the promotions to lure problem gamblers;

e.  The accommodation rates in Ameristar's promotional materials are incorrect and then Kolar quotes a higher and incorrect rate;

f.  That one or more of Ameristar's hotels are closed because they burned down; and

g.  Kolar offers customers accommodations in specialized suites that do not exist.

20. Kolar has also pretended to be an Ameristar customer service representative and: (a) acted in a rude and insulting manner to customers; (b) obtained credit card information and other personal information from customers under the guise of making reservations for the customers; and (c) accepted reservations and provided customers with fake reservation confirmation identification codes.

21. These and other wrongful acts of Kolar were intended to and did cause Ameristar to lose customers.

22. Kolar's use of the Ameristar Marks, as well as his false representations and wrongful conduct, have given Ameristar's potential customers the false impression that Ameristar's customer service is rude and uncooperative.

23. Kolar's use of the Ameristar Marks, as well as his false representations and wrongful conduct, has diminished and damaged Ameristar's reputation and goodwill in the industry.

24. Kolar's false representations, wrongful conduct, and use of the Ameristar Marks first began after Kolar contacted Ameristar demanding money on account of the misdialed calls and Ameristar declined.

25. On June 1, 2006, Ameristar's legal department sent a "cease and desist" warning to Kolar via certified mail. Kolar refused delivery of the letter. Ameristar sent a second cease and desist letter to him via facsimile transmission on July 27, 2006 and received confirmation of

transmission. True and correct copies of these letters to Kolar and the facsimile transmission confirmation are attached hereto as Exhibit A.

26. After Ameristar sent the July 27, 2006 "cease and desist" letter to Kolar, his wrongful activities ceased for a period of time. However, they have since resumed.

27. Recently, Ameristar has received numerous complaints from customers who have been the victims of Kolar's false representations and other wrongful conduct. Kolar himself has telephoned Ameristar and has freely admitted to engaging in such wrongful conduct. Kolar's false representations and wrongful conduct are seriously damaging Ameristar's business, reputation and goodwill.

## COUNT I
### *Trade Disparagement under 15 U.S.C. § 1125(a)*

28. Ameristar incorporates by reference the allegations of paragraphs 1 through 27, inclusive, as if the same were here set out in full.

29. Kolar has used the Ameristar Marks in commerce via an interstate telephone line in order to deceive Ameristar's customers into believing Kolar is an agent of and is authorized to provide and is providing services on behalf of Ameristar.

30. Kolar has made false representations to Ameristar's customers and potential customers in commerce via an interstate telephone line in a manner that is likely to cause confusion and mistake regarding the nature and quality of the commercial activities of Ameristar.

31. Kolar's false representations and unauthorized and intentional use of the Ameristar Marks was done with the intent to cause confusion and mistake, and to deceive the public into believing that Kolar offers services which originate from or are sponsored, approved or authorized by Ameristar.

32. Kolar's false representations and unauthorized and intentional use of the Ameristar Marks constitutes a willful and intentional violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Ameristar has suffered damages which include loss of profits as a result of Kolar's false representations and unauthorized and intentional use of the Ameristar Marks.

34. Ameristar has no adequate remedy at law because the Ameristar Marks are unique and represent to the public Ameristar's identity, reputation and goodwill, such that damages alone cannot fully compensate Ameristar for Kolar's actions with regard to the Ameristar Marks.

35. Unless enjoined and restrained by this Court, Kolar will continue to use the Ameristar Marks and make false representations about Ameristar such that Ameristar will suffer irreparable injury for which Ameristar has no adequate remedy at law.

## COUNT II
### Trade Disparagement under 815 ILCS 510/2(a)(8) and the Common Law of the State of Illinois

36. Ameristar incorporates by reference the allegations of paragraphs 1 through 35, inclusive, as if the same were here set out in full.

37. The false representations are disparaging of Ameristar's services and business.

38. The false representations falsely represent the facts.

39. The false representations were made in the course of Kolar's business.

40. Ameristar has been, and continues to be, irreparably harmed by Kolar's acts and will continue to be so harmed unless and until Kolar is restrained by this Court.

41. Kolar's false representations regarding Ameristar have caused damage to Ameristar, as well as its reputation and business.

42. Unless enjoined by the Court, Kolar will continue to disparage Ameristar and its business activities. This threat of future injury to Ameristar's reputation and business requires injunctive relief to ameliorate and mitigate Ameristar's injuries.

43. Because Kolar has willfully disparaged Ameristar's services and business, Ameristar is also entitled to recover its costs and attorneys' fees under 815 ILCS 510/3.

COUNT III
*Deceptive Trade Practices under 815 ILCS 510/2(a)(2), (5) and (12)*

44. Ameristar incorporates by reference the allegations of paragraphs 1 through 43, inclusive, as if the same were here set out in full.

45. Kolar's acts, practices, and conduct, as alleged herein, violate 815 ILCS 510/2(2), (5) and (12), in that Kolar has caused and continues to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, certification, and/or affiliation of Kolar with Ameristar's services.

46. Kolar has willfully engaged in deceptive trade practices.

47. As a direct and proximate result of Kolar's deceptive trade practices, Ameristar has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

48. Unless enjoined by the Court pursuant to 815 ILCS 510/3, Kolar will continue his deceptive trade practices thereby causing further irreparable injury to Ameristar. This threat of future injury to Ameristar's business identity, goodwill, and reputation requires injunctive relief to prevent Kolar's continued deceptive trade practices and to ameliorate and mitigate Ameristar's injuries.

49. Because Kolar has willfully engaged in deceptive trade practices, Ameristar is also entitled to recover its costs and attorneys' fees under 815 ILCS 510/3.

**COUNT IV**
*Defamation*

50. Ameristar incorporates by reference the allegations of paragraphs 1 through 49, inclusive, as if the same were here set out in full.

51. The false representations constitute defamation per se because the false representations impute: (a) an inability to perform or want of integrity in discharge of Ameristar's duties, and (b) a lack of ability in the line of trade of Ameristar.

52. Viewing the false representations in their context and giving them their plain and natural meaning, such statements are defamatory.

53. The false representations are false and were made by Kolar with knowledge of their falsity in bad faith and with malice.

54. The false representations have been published numerous times when they were communicated to Ameristar's customers and potential customers.

55. The false representations have caused damage to the reputation and business of Ameristar.

56. As a direct and proximate result of the foregoing defamation, Ameristar has suffered and continues to suffer damage, and Ameristar is entitled to presumed actual, special, and any other damages that flowed from Kolar's defamation of Ameristar.

57. Kolar's conduct has caused, and unless enjoined by this Court, will continue to cause Ameristar irreparable injury that cannot be fully compensated or measured in money damages. Ameristar has no adequate remedy at law and is entitled to injunctive relief prohibiting Kolar from further defaming Ameristar.

## COUNT V
### *Tortious Interference with a Prospective Economic Advantage*

58. Ameristar incorporates by reference the allegations of paragraphs 1 through 57, inclusive, as if the same were here set out in full.

59. Ameristar had a reasonable expectation of entering into or continuing valid business relationships with the customers who attempt to call Ameristar's Phone Number.

60. At all relevant times, Kolar knew of Ameristar's reasonable expectation of entering into or continuing valid business relationships with the customers who attempt call Ameristar's Phone Number.

61. Kolar purposefully interfered with the expected relationship between Ameristar and its potential and actual customers by making deliberate and/or defamatory false representations to Ameristar's customers when they called Kolar's Phone Number by mistake.

62. Kolar has interfered with the expected relationships between Ameristar and its customers maliciously, for the sole purpose of injuring Ameristar.

63. Kolar's purposeful interference with Ameristar's expected relationships was not protected by any absolute or qualified privilege.

64. Kolar's purposeful interference with Ameristar's expected relationships was malicious and unjustified.

65. Kolar's purposeful interference with Ameristar's expected relationships has caused damage to Ameristar including but not limited to the loss of customers and goodwill.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs, AMERISTAR CASINOS, INC. and AMERISTAR CASINO COUNCIL BLUFFS, INC., pray for judgment against Kolar as follows:

1.  That Kolar, his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be preliminarily and permanently enjoined from:

    (a) using the Ameristar Marks or doing any acts or things likely to induce the belief on the part of the public, including Ameristar's customers or potential customers, that Kolar is in any way affiliated, connected, or associated with Ameristar;

    (b) making any statements to individuals that inadvertently call Kolar's Phone Number that could cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, certification, and/or affiliation of Kolar with Ameristar's services

    (c) disparaging Ameristar and its business activities to individuals that inadvertently call Kolar's Phone Number;

    (d) defaming Ameristar in any manner;

    (e) interfering in Ameristar's business relationships in any manner; and

    (f) that Kolar be required to surrender the Kolar Telephone Number permanently.

2.  For judgment against Kolar for all such damages as Ameristar has sustained as a result of Kolar's trade disparagement, deceptive trade practices, defamation, and tortious interference with a prospective economic advantage,

3.  For its costs and disbursements in bringing this action, including its reasonable attorneys' fees,

4.  For pre-judgment interest on all damages and/or profits awarded by the Court, and

5.  For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**AMERISTAR CASINOS, INC. and
AMERISTAR CASINO COUNCIL BLUFFS, INC.**

By:   /s/ John D. Burke
       One of their Attorneys

*Attorneys for Plaintiffs, Ameristar Casinos, Inc. and
Ameristar Casino Council Bluffs, Inc.*

John D. Burke
ICE MILLER LLP
200 W. Madison Street
Suite 3500
Chicago, IL 60606-3417
(312) 726-1567

Jay G. Taylor
Philip A. Whister
Jason Delk
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100

I/2189107.4

```
08CV4502
JUDGE ANDERSEN
MAGISTRATE JUDGE MASON
YM
```

# EXHIBIT A

**AMERISTAR**
CASINOS

*VIA FACSIMILE –*
*(847) 675-3027 and (847) 675-4989*

July 27, 2006

Michael J. Kolar
The Mr. Refund Company
3458 W. Devon
Lincolnwood, IL 60712-1316

Re:    CEASE AND DESIST WARNING

Dear Mr. Kolar:

I am the Vice President of Legal Affairs for Ameristar Casinos, Inc. ("Ameristar"). As you may recall, we spoke in May regarding the similarity between your (866) MRREFUND telephone number and Ameristar's (866) MOREFUN number.

During our telephone conversation, you informed me that you have been receiving approximately one wrong number per day from callers who are attempting to reach Ameristar. As I explained during our conversation, Ameristar has no control over the wrong numbers you are receiving. All of our promotional materials accurately identify our 866-MOREFUN number. Neither Ameristar nor any other business can prevent customers from occasionally dialing wrong numbers.

When you and I spoke, I expressed my concern that you had recently called one our casinos and threatened to take hotel reservations from Ameristar customers who accidentally dialed your number. I asked you to agree not to misrepresent yourself or take hotel reservations from our customers who accidentally dial your number. You agreed that you would not do so.

Since our conversation, Ameristar has learned that you are now telling customers who reach your number and ask for Ameristar that Ameristar's number has been disconnected. You have also told Ameristar customers that our coupons are a "hoax" or a "scam" and that we are not offering free hotel rooms. You have also told customers that you are "Mr. Ameristar" and have misrepresented yourself as someone who is affiliated with our company.

Your conduct is fraudulent, malicious and tortious. Ameristar demands that you immediately cease and desist from disseminating any information about Ameristar or

Michael J. Kolar
July 27, 2006
Page 2

falsely representing yourself as someone who can speak on behalf of Ameristar. I would recommend that if you receive any wrong numbers, you simply tell the caller that they have dialed the wrong number, as any reasonable person would do. If you make any further false statements about Ameristar, we will sue you personally and The Mr. Refund Company for injunctive relief, compensatory damages and punitive damages. Please consider this to be your final warning and govern yourself accordingly.

Sincerely,

Matthew McCaughey
Vice President of Legal Affairs

07/27/2006 09:13 FAX 7027338478   AMERISTAR LEGAL/F&B 290N   ☒001

```
        *********************
        ***   TX REPORT   ***
        *********************

TRANSMISSION OK

TX/RX NO              4592
CONNECTION TEL        18476753027
SUBADDRESS
CONNECTION ID
ST. TIME              07/27 09:12
USAGE T               01'04
PGS. SENT             3
RESULT                OK
```



# AMERISTAR
## C A S I N O S
### Facsimile Cover Sheet

| | |
|---|---|
| **To:** Michael J. Kolar, The Mr. Refund Co. | **From:** Matthew McCaughey - Fax (702) 733-8478 |
| **Fax:** (847) 675-3027; (847) 675-4989 | **Pages:** 3   including cover sheet |
| **Phone:** 1-800-677-3386 | **Date:** 7/27/2006 |
| **Re:** CEASE & DESIST WARNING | **CC:** |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● **Comments:**

### CONFIDENTIALITY NOTICE

The information contained in this facsimile is confidential information and is for the exclusive use of the intended recipient listed above. Any reading, disclosure, use or reproduction of this communication other than by the intended recipient is prohibited. If you have received this communication in error, please notify us by collect telephone call immediately to the sending office above and return the communication to us via U.S. Mail.

07/27/2006 09:15 FAX 7027338478          AMERISTAR LEGAL/F&B 290N                    ☑001

```
                        ********************
                        ***   TX REPORT   ***
                        ********************

   TRANSMISSION OK

   TX/RX NO              4593
   CONNECTION TEL        18476754989
   SUBADDRESS
   CONNECTION ID
   ST. TIME              07/27 09:13
   USAGE T               01'38
   PGS. SENT             3
   RESULT                OK
```



## AMERISTAR
### CASINOS

### Facsimile Cover Sheet

| | | | |
|---|---|---|---|
| **To:** | Michael J. Kolar, The Mr. Refund Co. | **From:** | Matthew McCaughey - Fax (702) 733-8478 |
| **Fax:** | (847) 675-3027; (847) 675-4989 | **Pages:** | 3    including cover sheet |
| **Phone:** | 1-800-677-3386 | **Date:** | 7/27/2006 |
| **Re:** | CEASE & DESIST WARNING | **CC:** | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:**

### CONFIDENTIALITY NOTICE

The information contained in this facsimile is confidential information and is for the exclusive use of the intended recipient listed above. Any reading, disclosure, use or reproduction of this communication other than by the intended recipient is prohibited. If you have received this communication in error, please notify us by collect telephone call immediately to the sending office above and return the communication to us via U.S. Mail.